1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   STEVEN RAY PERRIDON,                    )   Case No.: 1:10-cv-00527 OWW JLT
                                            )
12              Plaintiff,                   )   FINDINGS AND RECOMMENDATION TO
                                            )   REMAND THE MATTER TO THE KERN
13        v.                                )   COUNTY SUPERIOR COURT
                                            )
14                                          )
                                            )
15   MATTHEW CATE, et al,                    )
                                            )
16              Defendants.                  )
17   _____ )

18

19        Matthew Cate ("Cate"), Secretary of California Department of Corrections and

20   Rehabilitation, is seeking removal of an action from the Kern County Superior Court.  (Doc. 1).

21   Plaintiff Steven Ray Perridon is a state prisoner proceeding *pro se* in this action.  Cate's removal is

22   based upon Plaintiff's allegation that Cate violated the Fair Labor Standards Act.  Id.

23   **I.   Procedural History**

24        On October 30, 2009, Plaintiff filed suit in Kern County Superior Court, case number S-

25   1500-CV-268713 against Cate in his official and individual capacities; Anthony Hedgpeth, Warden

26   of Kern Valley State Prison, in his official and individual capacities; Community Education Centers

27   of Trenton New Jersey, Paul Brown, State Director of Community Education Centers, in his official

28

                                            1

1   and individual capacities; Diane Clayton; and Does 1 to 100 (collectively, "Defendants").[1]  In his

2   civil complaint, Plaintiff alleged Defendants violated the Constitution of the State of California,

3   Penal Code § 2717.8, and the Fair Labor Standards Act.

4         On March 24, 2010, Cate filed a notice of removal in the Kern County Superior Court matter,

5   thereby commencing the action in this Court.  (Doc. 1) In his removal, Cate requested relief from

6   responding to the complaint and a thirty-day extension of time to respond to the complaint after the

7   issuance of a screening order.  Id.  The Court granted Cate's request on August 2, 2010.  (Doc. 6)

8   **II.   Removal**

9         Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court

10  where the district court would have original jurisdiction.  Caterpillar, Inc. v. Williams, 482 U.S. 286,

11  392 (1987).  Specifically,

> Except otherwise expressly provided by Act of Congress, any civil action brought in a
> State court of which the district courts of the United States have original jurisdiction,
> may be removed by the defendant or defendants, to the district court of the United States
> for the district and division embracing the place where such action is pending.

15  28 U.S.C. § 1441(a).  District courts have "original jurisdiction of all civil actions arising under the

16  Constitution, laws, or treaties of the United States."  Id. at § 1331.

17        A party seeking removal must file a notice of removal of a civil action within thirty days of

18  receipt of a copy of the initial pleading.  Id. at § 1446(b).  In cases involving multiple defendants,

19  such as the current matter, the "rule of unanimity" requires that all defendants must join in a removal

20  petition.  Chicago, Rock Island, & Pacific Railway Co. v. Martin, 178 U.S. 245, 248 (1900).

21  Removal statutes are to be strictly construed, and any doubts are to be resolved in favor of state court

22  jurisdiction and remand.  See Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980). As such, the Internet website for the Kern County Superior Court, containing the court system's records for filings in that court is subject to judicial notice.

2

1   removal bears the burden of proving its propriety.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir.

2   1996); Abrego v. Dow Chem. Co., 443 F.3d 676, 683-85 (9th Cir. 2006); see also Calif. ex. rel.

3   Lockyer v. Dynegy, Inc., 2274 F.3d 831, 838 ("the burden of establishing federal jurisdiction falls to

4   the party invoking the statute").  The Court may remand an action to state court for lack of subject

5   matter jurisdiction or for defect in the removal procedure.  28 U.S.C. § 1447(c).

6   **III.  Discussion and Analysis**

7   As noted above, a notice of removal must be filed within thirty days of the defendant

8   receiving a copy of the pleading.  Specifically, 28 U.S.C. § 1446(b) states,

> The notice of removal of a civil action or proceeding **shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading** setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a **notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed** on the basis of jurisdiction conferred by section 1332 of this title [28 USCS § 1332] **more than 1 year after commencement of the action**.

16  Id. (emphasis added).  According to the state court's records of the proceedings, Plaintiff filed the

17  initial pleading on October 30, 2009, but Plaintiff's summons was returned to him for a correction on

18  November 2, 2009.  After correction, Plaintiff was ordered to show cause pursuant to California

19  Rules of Court, Rule 3.111, on January 13, 2010.  Cate asserts that the Office of Legal Affairs for the

20  California Department of Corrections and Rehabilitation did not accept service on behalf of Cate

21  until February 24, 2010.[2]  (Doc. 1)  Thereafter, Cate filed a notice of removal within the thirty day

22  deadline on March 24, 2010.

23  As there are multiple defendants in the underlying complaint, the "rule of unanimity" applies

24  and all defendants must join in the removal.  Chicago, 178 U.S. at 248.  In applying the "rule of

25  unanimity," the Ninth Circuit held that "a notice of removal can be effective without individual

26  consent documents on behalf of all each defendant.  One defendant's timely removal notice

27

28  [2] According the website of the Kern County Superior Court, the Proofs of Service for Cate was rejected on March 26, 2010.

3

containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009). In his notice of removal, Cate fails to indicate that any of the aforementioned co-defendants in the state court proceedings join the removal. In fact, Cate fails to acknowledge that there are other defendants and fails to indicate their consent to the removal. Therefore, the notice of removal is defective.

## IV.  Findings and Recommendations

Defendant Cate's notice of removal was defective; it failed to comport with the removal statutes and the "rule of unanimity" requiring that all defendants join him in removal. The Court hereby **RECOMMENDS** that:

1. The matter be **REMANDED** to the Kern County Superior Court; and

2. Because the order remanding this matter to state court concludes this case, the Clerk of the Court be ordered to close this matter.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within 14 days after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:   **October 15, 2010**                              **/s/ Jennifer L. Thurston**

UNITED STATES MAGISTRATE JUDGE

4