IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RAY PERRIDON,<br><br>        Plaintiff,<br><br>  v.<br><br>MATTHEW CATE, et al,<br><br>        Defendants. | Case No.: 1:10-cv-00527 OWW JLT<br><br>ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS DATED OCTOBER 18, 2010<br><br>(Doc. 10)<br><br>ORDER DENYING AS MOOT THE MOTION FOR 30-DAY EXTENSION OF TIME WITHIN WHICH TO OBJECT TO FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 11)<br><br>AMENDED FINDINGS AND RECOMMENDATION TO REMAND THE MATTER TO THE KERN COUNTY SUPERIOR COURT |

     Matthew Cate, Secretary of California Department of Corrections and Rehabilitation, removed this action from the Kern County Superior Court. (Doc. 1). Plaintiff Steven Ray Perridon is a state prisoner proceeding *pro se* in this action. Cate's removal of this action was based upon Plaintiff's allegation that Cate violated the Fair Labor Standards Act. *Id.* Plaintiff's complaint is now before the Court for screening pursuant to 28 U.S.C § 1915.

///

///

## I. Procedural History

On October 30, 2009, Plaintiff filed suit in Kern County Superior Court, case number S-1500-CV-268713 against Cate in his official and individual capacities; Anthony Hedgpeth, Warden of Kern Valley State Prison, in his official and individual capacities; Community Education Centers of Trenton New Jersey, Paul Brown, State Director of Community Education Centers, in his official and individual capacities; Diane Clayton; and Does 1 to 100 (collectively, "Defendants").[1]  In his civil complaint, Plaintiff alleged Defendants violated the Constitution of the State of California, Penal Code § 2717.8, and the Fair Labor Standards Act.

On March 24, 2010, Cate filed a notice of removal in the Kern County Superior Court matter, thereby commencing the action in this Court. (Doc. 1).  Along with his Notice of Removal, Cate requested the Court screen Plaintiff's complaint and requested a thirty-day extension of time within which to respond to the complaint after the Court issued its screening order. *Id.*  The Court granted Cate's request on August 2, 2010. (Doc. 6).  The Court issued its Findings and Recommendations to Remand the Matter to Kern County Superior Court on October 18, 2010. (Doc. 10) Through this order, the Court withdraws the prior Findings and Recommendations (Doc. 10) and issues this Amended Findings and Recommendations.

For the reasons set forth below, the Court finds that Plaintiff cannot proceed under the Fair Labor Standards Act or state a claim under the Fourteenth Amendment to the United States Constitution.  On the other hand, because it appears, <u>though the Court does not make any finding in this regard</u>, that Plaintiff may have stated a claim under state law (*Vasquez v. State of California,* 105 Cal.App.4th 849, 851-852 (Cal.App. 4th Dist. 2003)) , the Court will recommend that the claims arising under the FLSA and the Fourteenth Amendment be dismissed and that the Court decline to

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993).  The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th. Cir. 1980).  As such, the Internet website for the Kern County Superior Court, containing the court system's records for filings in that court is subject to judicial notice.

exert pendent jurisdiction. Thus, the Court recommends that the matter be remanded the kern County Superior Court for further proceedings on the state law claims.

## II.  Screening Requirement

When a prisoner seeks relief against "a governmental entity or officer or employee of a governmental entity," the Court is required to review the complaint and identify "cognizable claims." 28 U.S.C § 1915(a)-(b). The complaint, or a portion thereof, must be dismissed if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or…seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). In determining malice, the Court examines whether the claims are pled in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915).

## III.  Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and…a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed.R.Civ.P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me unlawfully accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

3

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further that,

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 129 S.Ct. at 1949 (internal quotation marks and citations omitted). A court should assume the truth of well-pled factual allegations and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* If the Court determines that a complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV. Discussion and Analysis**

Plaintiff alleges that he volunteered for the Substance Abuse Program at Kern Valley State Prison ("the Program") in June 2006. (Doc. 1 at 5-6). After acceptance into the Program, Plaintiff submitted a letter of interest to work in a paid position within the Program. *Id.* at 6. On October 21, 2006, Plaintiff was hired by the Program staff. *Id.* In 2007, Plaintiff raised the issue of his pay with defendant Paul Brown because he learned inmates in other substance abuse programs were paid Prison Industry Authority wages, which were higher wages than those earned by Plaintiff. *Id.* Plaintiff was told that the budget for the Program did not allow for inmate raises, and he should not pursue the matter further. *Id.* at 7. However, Plaintiff raised the issue of his pay at Program Structure meetings, where he was told "that efforts would be made to secure inmate pay raises through the institutional inmate pay committee." *Id.*

On December 21, 2007, Plaintiff learned that the Warden at Kern Valley State Prison "refused any inmate pay raises, and had in fact decreased inmate pay which was detailed in a memo to all staff and inmates." (Doc. 1 at 7). Appealing this decision, Plaintiff submitted an inmate appeal

on February 3, 2008. *Id.* Plaintiff received responses at the first, second, and third levels of his appeal which he felt failed to address the legal standing of Plaintiff and disregarded the legal premises upon which Plaintiff based his claim. *Id.* at 7-8.

Plaintiff asserts that the Community Education Center, with whom he worked as part of the Program, hired him to work in a capacity similar to that of employees who were not inmates. (Doc. 1 at 12). According to Plaintiff, inmate employees were "equivelent (sic) counterparts of non-inmate employees in such a manner that meetings were held normally to discuss and solve community problems with heavy influence from [Program] members."

A.  <u>Fair Labor Standards Act</u>

The Fair Labor Standards Act ("FLSA") requires that employers pay employees a minimum hourly wage. 29 U.S.C. §§201-219. The fundamental purpose of the FLSA is "the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." *Id.* at § 202. Under the FLSA, an "'employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* at § 203(d). Generally, "whether there is an employment relationship under the FLSA is tested by 'economic reality' rather than 'tactical concepts.'" *Hale v. Arizona*, 993 F.2d 1387, 1393 (9th Cir. 1993).

A "totality of the circumstances" test is used by the Ninth Circuit to determine the existence of an employment relationship, which requires the Court to analyze "whether the alleged employer (1) has the power to hire and fire the employees (2) supervises and controls employee work schedules or conditions or employment, (3) determines the rate and method of payment, and (4) maintains employment records." *Williams v. Strickland*, 837 F.Supp. 1049, 1051 (N.D. Cal. 1993), *citing Bonnette v. California Health & Welfare Agency*, 701 F.2d 1465, 1470 (9th Cir. 1983). However, the Ninth Circuit determined that these factors are not practical in cases involving prisoners who are required to work. *Hale*, 993 F.2d at 1394.

Therefore, the proper starting point is the state's control over its inmates. *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1325 (9th Cir. 1989). The Ninth Circuit observed, ". . . the problem of substandard living conditions, which is the primary concern of the FLSA, does not apply to prisoners." *Hale*, 993 F.2d at 1396. Moreover,

> Not only does the state provide the inmates' food, shelter, and clothing, but it is only with the state's permission that prisoners are allowed the privilege of working. The states' absolute power over [inmates] is a power that is not a characteristic of – and indeed is inconsistent with – the bargained-for exchange of labor which occurs in a true employer-employee relationship.

*Gilbreath*, 931 F.2d at 1325. Ultimately, the relationship between prisons and prisoners "is penological, not pecuniary;" the economic reality is that with prisoners working for programs structured pursuant to a state's requirement that prisoners work, their labor belongs to the prison. *Hale*, 993 F.2d at 1395. Therefore, the Court held that prisoners are not entitled to protections of the FLSA. *Id.*

Similar to the inmates in *Hale* who were required to work by Arizona state law, Plaintiff is required to work under California law. *See* Cal. Pen. Code § 2700 ("The Department of Corrections shall require of every able-bodied prisoner imprisoned in any state prison. . . faithful labor. . . during his or her term of imprisonment"). Though Plaintiff argues that FLSA would apply to him, by his own admissions, the Program was structured at the prison, and the wages were controlled by the Warden. Given Plaintiff's status as a prisoner and that the economic reality that the prison controlled his work with the Program, Plaintiff's FLSA claim against Cate fails. *See Hale*, 993 F.2d at 1935; *Morgan v. MacDonald*, 41 F.3d 1291, 1294 (9th Cir. 1994) (holding that inmates working within state prison programs were not considered employees under the FLSA and thus were not entitled to minimum wages); *Cox v. Ashcroft*, 603 F.Supp.2d 1261, 1272 (E.D. Cal. 2009) ("prisoners are not employees within the meaning of the [FLSA]"); *Gonzalez v. Mayberg*, 2009 U.S. Dist. LEXIS 67858, at *11 (C.D. Cal. July 31, 2009) ("prisoners are not in an FLSA employment relationship with the State…"). Therefore, the Court recommends that Plaintiff's complaint, as to the claim of a violation of the Fair Labor Standards Act, be **DISMISSED**.

### B.  Reduction in Wages

The Due Process Clause of the Fourteenth Amendment provides, "No State shall. . . deprive any person of life, liberty, or property, without due process of law." *U.S. Constitution, amend. XIV §1*. This clause guarantees both procedural and substantive due process. The procedural due process component protects individuals against the deprivation of liberty or property by the government, while substantive due process protects individuals from the arbitrary deprivation of liberty by the

government. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993); *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). A claim of "procedural due process has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government, and (3) lack of process. *Portman*, 995 F.2d at 904. Therefore, Plaintiff's claim regarding the decrease in his wages rests on whether he has a constitutionally protected property interest in his wages.

The Supreme Court opined, "Admittedly, prisoners do not shed all constitutional rights at the prison gate, but lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandlin v. Conner*, 515 U.S. 472, 485 (1995) (internal quotation marks and citations omitted). Moreover, upon incarceration, inmates "are essentially taken out of the national economy." *Vanskike v. Peters*, 974 F.2d 806, 810 (7th Cir. 1992). The Ninth Circuit held that "prisoners do not have a constitutional right to prison employment." *McIntyre v. Bayer*, 72 Fed.App. 674 (9th Cir. 2003), *citing Vignolo v. Miller*, 1230 F.3d 1075, 1077 (9th Cir. 1997), *Toussaint v. McCarthy*, 801 F.2d 1080, 1094-95 (9th Cir. 1986). Similarly, because Plaintiff does not have a right to a job in prison, he does not have a constitutionally protected right to earn wages from such a job.[2] *Id.* Though California law provides for payment to prisoners, there is no minimum amount to be paid. *See* Cal. Pen. Code § 2700.

Because Plaintiff has failed to establish the existence of a protected property interest, his claim for a violation based upon the reduction in his wages fails. Therefore, because Plaintiff cannot state a cognizable claim against Cate on these grounds, the Court recommends that these claims be **DISMISSED**.

///

---

[2] Notably, the Ninth's Circuit's holding that prisoners have no right to wages is consistent with the holdings in other circuits. *See, e.g.*, *Loving v. Johnson*, 455 F.3d 562, 563 (5th Cir. 2006) (prisoners have no constitutional right to compensation for work performed in prison); *Jennings v. Lombardi*, 70 F.3d 994, 995 (8th Cir. 1995) ("[t]here is no constitutional right to prison wages and any such compensation is by the grace of the state); *Adams v. James*, 784 F.2d 1077, 1079 (11 th Cir. 1987) (no constitutional right to a prison job); *Altizer v. Paderick*, , 569 F.2d 812 (4th Cir. 1978) (prison administrators may assign inmate jobs and wages at their discretion).

7

**V.   Findings and Recommendation**

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). Specifically,

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Id. at § 1331.

On the other hand, where a complaint is properly removed to federal court, but where subsequent action eliminates the federal question, the district court has discretion to remand the remaining state law claims or to exercise pendent jurisdiction. *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 715 (9th Cir. 1990). A federal district court has discretion under the doctrine of pendent jurisdiction to remand a properly removed case to state court when all federal law claims in the action have been eliminated and only pendent state law claims remain. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 345 (1988). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id*. at 350 n. 7.

Here, the Court has determined that the deficiencies outlined above are not capable of being cured by amendment and therefore leave to amend should not be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *Noll v. Carlson*, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Because only state law claims remain, the Court recommends that pendent jurisdiction be declined. Thus, the Court hereby **RECOMMENDS** that:

1. The claims raised under the FLSA and the Fourteenth Amendment to the United States Constitution be **DISMISSED WITHOUT LEAVE TO AMEND**;
2. The Court **DECLINE** to exercise pendent jurisdiction over the remaining state law claims;

3.   The matter be **REMANDED** to the Kern County Superior Court; and

3.   Because the order remanding this matter to state court concludes this case, the Clerk of the Court be ordered to close this matter.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within 14 days after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 23, 2010**                            /s/ Jennifer L. Thurston
                                                         UNITED STATES MAGISTRATE JUDGE