IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RAY PERRIDON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MATTHEW CATE, et al,<br><br>　　　　　　Defendants.<br>_____ | ) Case No.: 1:10-cv-00527 OWW JLT<br>)<br>) ORDER ADOPTING THE MAGISTRATE<br>) JUDGE'S AMENDED FINDINGS AND<br>) RECOMMENDATIONS AND DISMISSING<br>) COMPLAINT WITH PREJUDICE<br>)<br>) (Doc. 12)<br>)<br>)<br>)<br>)<br>) |

　　　Matthew Cate ("Cate"), Secretary of California Department of Corrections and Rehabilitation, removed his action from Kern County Superior Court on March 24, 2010. (Doc. 1). Plaintiff Steven Ray Perridon ("Plaintiff") is a state prisoner proceeding *pro se* in this action. Cate's removal of the action was based upon Plaintiff's allegation that Cate violated the Fair Labor Standards Act. *Id.*

　　　On November 23, 2010, the Magistrate Judge recommended that the matter be remanded to Kern County Superior Court. (Doc. 12). The Magistrate Judge found Plaintiff failed to state a cognizable claim under the Fair Labor Standards Act, and Plaintiff could not state a cognizable claim for reduction in wages based upon the Due Process Clause of the Fourteenth Amendment. *Id.*

First, the Magistrate Judge found that the Fair Labor Standards Act did not apply to Plaintiff because the economic reality of Plaintiff's employment is that the prison controlled his work. (Doc. 12 at 6). Second, to assert a claim for reduction in wages based upon constitutional grounds, Plaintiff would have to establish that he had a constitutionally protected property interest in his wages. *See Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) ("procedural due process has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process"). Plaintiff does not have a constitutional right to a job in prison, and the Magistrate Judge found, similarly, he does not have a constitutionally protected right to earn wages from such a job. (Doc. 12 at 7). Therefore, Plaintiff did not have a protected property interest in his wages, or the reduction thereof.

Although Cate was granted fourteen days from November 23, 2010 to file objections to the Magistrate Judge's Amended Filings and Recommendations, he did not to so.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court finds that the Findings and Recommendation are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Amended Findings and Recommendations filed October 13, 2010, are **ADOPTED IN FULL**;
2. The matter is **ORDERED** to be **REMANDED** to the Kern County Superior Court;
3. The Clerk of Court IS DIRECTED to close this action because this order terminates the action in its entirety.

IT IS SO ORDERED.

**Dated:   December 14, 2010**              /s/ Oliver W. Wanger
                                            UNITED STATES DISTRICT JUDGE